Minneapolis Brewing Co. v. Flynn.

---

MINNEAPOLIS BREWING COMPANY, APPELLEE, v. THOMAS J. FLYNN, CITY CLERK, ET AL., APPELLANTS.

FILED OCTOBER 2, 1915. No. 19229.

1. **Intoxicating Liquors:** GRANT OF LICENSE: DISCRETION OF BOARD: REVIEW. The issuance of a license to sell intoxicating liquors is committed by the statute to the discretion of the several excise boards and city and village councils. The power of the courts to review their decisions extends to determining whether the jurisdictional facts necessary to the granting of the license have been shown to exist, and, in some cases, to determine whether their action in

refusing a license has been so arbitrary and unjust as to consti-
tute an abuse of discretion.

2. ———: ———: ———: PRESUMPTION: BURDEN OF PROOF. In the ab-
sence of evidence to the contrary, it will be presumed that an
excise board has exercised a legal discretion in determining the
number of liquor licenses to be issued, and in refusing to grant a
license in excess of the number fixed. The burden of proof is
upon one who asserts that there has been an abuse of discretion.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. *Reversed with directions.*

*John A. Rine, W. C. Lambert, H. B. Fleharty* and *L. J.
Te Poel,* for appellants.

*Benjamin S. Baker* and *F. A. Mulfinger, contra.*

LETTON, J.

In May, 1915, the appellee made application to the city
council of Omaha, sitting as an excise board, for a whole-
sale license to sell liquors in that city. The application
was refused. An appeal was taken to the district court,
where the order of the excise board was reversed, upon
the ground that the action of the city council denying the
license was arbitrary and an abuse of the discretion vested
in it by law. The case is here upon appeal from that
order.

The city council, in denying the applicant a license, re-
cited the passage of a resolution on the 31st day of De-
cember, 1914, declaring that it was for the best interests
of the public that no additional wholesale licenses to sell
malt, spirituous and vinous liquors in the city of Omaha,
over and above the number on said date granted, should be
granted by the city council, declared that it "now believes
that the best interests of the public and of the city still de-
mand that no other wholesale liquor license to sell liquor
at wholesale within the city for the year 1915 be granted,"
and it therefore refused the license.

The appellants insist that the question as to the num-
ber of liquor licenses to be issued rested in the discretion
of the excise board, and that no abuse of this discretion

has been shown; while the appellee contends that, after the excise board has entered upon the policy of granting wholesale licenses, it cannot curtail the number which shall be granted.

The issuance of liquor licenses is committed by the statutes to the discretion of the several boards authorized to grant the same. The power of the courts to review their decisions extends to determining whether the jurisdictional facts necessary to the granting of the license have been shown to exist, or to determine, in certain cases, whether the action of these tribunals has been arbitrary and unjust to such a degree that it is apparent that a legal and judicial discretion has not been exercised, or their discretion wantonly abused. The presumption is that the tribunal to whom the law has committed the exercise of a legal discretion has duly exercised the same, and the burden of proof is upon him who asserts to the contrary. There is no evidence in the record as to the number of wholesale liquor licenses issued in the city of Omaha, and there is nothing to show that there has been any attempt to establish a monopoly, or that the city council was not fully justified in restricting the number of wholesale licenses to be issued for 1915 to the number already issued when the resolution was passed. We must give the excise board the benefit of the presumption, and hold that it has not been shown that its action was arbitrary or illegal.

But it is urged by the appellee that to restrain or limit the number of wholesale licenses to any extent whatsoever is an unjust and arbitrary exercise of power. It is argued that the only lawful reason for permitting the number of retail liquor sellers in a city or town to be limited is on account of the liability on the part of the frequenters of saloons to be guilty of brawls, disorders and unseemly conduct; that the wholesale liquor trade is conducted in an entirely different manner, no drinking being allowed upon the premises; that it therefore stands in a different class, and any limitation as to the number of such dealers is arbitrary and unjust. We cannot take this

' 98Neb.47

view.   It may be true that the same reasons do not exist for the regulation of the wholesale liquor traffic as for the limitation of the retail traffic, and that it cannot be detrimental to the best interests of the commonwealth to allow an unlimited number of wholesale establishments; but this argument should be directed to the legislative department, and not to the judicial.   The lawmakers have committed such questions of policy to the licensing bodies, and even though the law might have been otherwise, without serious damage to the public weal, we must take it as we find it.

Much was said in the argument in regard to a recent case in which an order of the district court allowing a license to a wholesale liquor dealer whose application had been rejected by the city council was affirmed by this court without opinion.   The facts in that case are readily distinguishable from those presented here.   In that case the application was filed prior to a number of others.   No remonstrance or objections were on file, and there was nothing in the record to show that the applicant was not entirely fit to conduct the business.   Several later applications were taken up by the city council and licenses granted.   After this was done a resolution declaring that no more licenses should be granted was passed, and the applicant was left without a license.   The district court held that such action was arbitrary and unjust, and this court took the same view.

The judgment of the district court is reversed and the cause remanded, with directions to revoke and cancel the license.

REVERSED.

HAMER, J., not sitting.